## The Mansfield, Coldwater & Lake Michigan Railroad Company v. Richard W. Drinker.

*Consolidated corporations: Subscribers to original corporations: Assessments: Succession.* In an action by a consolidated corporation to recover assessments upon a subscription to the capital stock of one of the original corporations, on the ground of a right by succession under the statute, it is essential to a recovery that a consolidation conforming to the statute be proved.

*Consolidation of corporations: Election of directors.* An election of a board of directors of the consolidated corporation is by the statute (*Comp. L. 1857, § 1996*) clearly made a condition precedent to its acquiring the rights and franchises of the original corporations.

*Corporations: Consolidations: Corporate action: Election of directors.* The filing of a duplicate of the consolidation agreement in the office of the secretary of state, after being duly made and submitted to the stockholders and confirmed by them, is by the statute (*Comp. L. 1857*, § *1995*) made a condition precedent to a merger of the original corporations; and there can be no valid action as a consolidated corporation until after that is done; and any attempted election of directors of the consolidated corporation before that is without warrant and ineffectual.

*Corporations: Consolidation: Corporation de facto: Transfer of corporate rights: Succession: Estoppel.* It is not enough to authorize a recovery in such an action that the consolidated company be shown to be a corporation *de facto,* and entitled as such to enforce contracts as against parties who have dealt with it; to acquire the rights of the original corporation in its contract with its subscribers, otherwise than by assignment, it is essential that the statutory requirements of a transfer by succession be complied with, at least in the absence of any participation by such subscriber as a stockholder, in the action of the new corporation, by virtue of his previous relation as stockholder in the original corporation, such as would estop him from disputing the consolidation.

*Submitted on briefs July 9. Decided July 24.*

Case made from Hillsdale Circuit.

*John B. Shipman,* for plaintiff.

*E. L. & M. B. Koon,* for defendant.

COOLEY, J.

The plaintiff, claiming to be a corporation existing in this state, and formed by the consolidation of the Ohio & Michigan Railroad Company, a Michigan corporation, with the Mansfield, Coldwater & Lake Michigan Railroad Company, an Ohio corporation, brought suit to recover of defendant assessments which had been made upon a subscription by him to the capital stock of the Michigan corporation. As the right of the plaintiff would be derived wholly from the consolidation, it became necessary to prove it, and for this purpose a certified copy of what purported to be the articles of agreement entered into between the two companies for a consolidation of the two, filed in the office of the secretary of state, was offered in evidence. These articles recited the corporate existence of the two companies, and made careful and particular provision for the consolidation, and were signed by persons representing themselves as president and

board of directors of the respective corporations. The agreement bore date December 28, 1870, and was framed in pursuance of *section 50* of the general railroad law of 1855 (*Comp. L., 1857,* § *1994*), which was then in force. The time for the first election of directors for the consolidated company was fixed by the articles for May 10, 1871. The law required the agreement to be submitted to the stockholders of the two companies respectively, and approved by them, which is claimed to have been done previous to the date last mentioned; and the two companies after such approval were by the law to become merged when a duplicate or counterpart of the agreement was filed in the office of the secretary of state (*Comp. L., 1857,* § *1995*); and "upon the election of the first board of directors of the corporation created by said agreement, all and singular the rights and franchises of each and all of said two or more corporations, parties to such agreement, all and singular their rights and interests in and to every species of property and things in action" were to be deemed "transferred to and vested in such new corporation."—*Comp. L., 1857,* § *1996.* Before the agreement had been acted upon by the stockholders of the respective companies, *section 50 of the act of 1855* was so amended as to provide for an agreement in some particulars quite different from the one which had been made. The amended section is § *2346* of the compilation of 1871, and as no claim is made that consolidation has been effected in pursuance of the amended section, the plaintiff must rely upon a compliance with the law as it stood before. By that law it will be seen that the corporations were not to become merged until the agreement for consolidation was duly filed in the office of the secretary of state. This was not done until May 23, 1871. Before that time only an inchoate agreement for consolidation existed, and no merger; and it was impossible that any valid action as a consolidated corporation could take place. The circuit judge held that the election of a board of directors of the consolidated corporation was a condition precedent to its acquiring the

rights and franchises of the respective companies; and in this he is supported by the unambiguous provisions of the statute itself. No such election could take place prior to May 23, 1871. Now, no evidence was given or offered of an election subsequent to that time. There was parol evidence of some previous election, which was manifestly without warrant and ineffectual; and there was also parol evidence that persons have been acting as directors, and recognized as such, since that time. There was also evidence on the part of the plaintiff that since May 10, 1871, there has been continuous action on its part as a corporation, and large expenditures of money in the construction of its road, and it is claimed that, conceding the proceedings to consolidate the two corporations to have been irregular, still the plaintiff is unquestionably a corporation *de facto*, and as such must be recognized so long as its powers, rights and franchises as such are not questioned by the state.

To recognize the plaintiff as a corporation *de facto*, however, does not get over the difficulty which exists in this case. It may be a corporation *de facto*, and entitled as such to enforce contracts as against parties who have dealt with it, without at the same time in any manner having succeeded to the rights of the Ohio & Michigan Railroad Company, with which the contract of the defendant was made. To acquire the rights of that company in the defendant's contract, the plaintiff must have obtained it by assignment, or it must show its right by succession under a consolidation. No assignment is relied upon, and the consolidation is not shown to have been perfected. Unless, therefore, the defendant, by some participation as stockholder in the action of the plaintiff corporation, by virtue of his previous relation as stockholder in the Ohio & Michigan Railroad Company, has estopped himself from disputing the consolidation, the conclusion of the circuit judge would seem unquestionable. And as on such estoppel was relied upon in the court below, the judgment must be affirmed, with costs.

The other Justices concurred.